## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MARLON WALKER

  Plaintiff,

   v.

BOARD OF EDUCATION OF
CHARLES COUNTY,

KIMBERLY HILL,
(in personal capacity)

  and

AMY HOLLSTEIN,
(in personal capacity)

  Defendants.

Civil Action No.   22-cv-2511-TDC

## COMPLAINT

COMES NOW Plaintiff through undersigned counsel states as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory relief; injunctive relief, damages and to secure protection of and to redress deprivation of equal protection rights secured by the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

2. This is an action for declaratory relief; injunctive relief, damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

3. This is an action for declaratory relief; injunctive relief, damages and to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 1983.

4. Venue lies in this District pursuant to 42 U.S.C. § 2000e-5(f)(3) and because the events and occurrences giving rise to this action occurred within this judicial district.

## PENDANT CLAIMS

5. This is an action for declaratory relief; injunctive relief, damages and to secure protection of and to redress deprivation of rights secured by MD Code, State Government, § 20-606, Unlawful employment practices.

### Administrative Exhaustion

6. Mr. Walker filed a discrimination complaint with the Maryland Commission on Civil Rights, Charge No. 12F-2021-00017, on October 16, 2020 based on race, sex, and age discrimination.  Mr. Walker received a Right to Sue letter from the Equal Employment Opportunity Commission (EEOC) on August 22, 2022.

## PARTIES

7. Marlon Walker is an assistant principal with Charles County Public Schools.

8. The Charles County Public Schools is located in Charles County, Maryland.

9. Kimberly Hill was the former Superintendent of Charles County Public Schools.

10. Amy Hollstein was the former Deputy Superintendent of Charles County Public Schools.

## STATEMENT OF CLAIM

11. Marlon Walker is an assistant principal with the Charles County Public School System assigned to Milton M. Somers Middle School.

12. Mr. Walker is an African-American man.

13. He is currently in his late fifties.

14. Mr. Walker was hired by Charles County Public School System in 2009.

15. Prior to joining CCPS, he taught for more than a decade in the Los Angeles public school system.

16. Mr. Walker is a U.S. Marine Corps veteran.

## Qualifications

17. Mr. Walker has held the position of assistant principal with Charles County Public Schools since 2011.

18. He has served as an assistant principal at both the high school and middle school levels.

19. Mr. Walker has consistently been rated "highly effective" on his annual job performance evaluations.

20. Currently, he is one of the most experienced assistant principals at Charles County Public Schools.

## Non-Selections

21. Beginning in 2016, Mr. Walker applied principal's positions that were advertised by Charles County Public Schools, for which he was fully qualified.

22. Each time, Mr. Walker was interviewed by a selection committee that included both Executive Directors of Schools Linda Gill and Marvin Jones and two or three lower ranked school administrators.

23. Following each interview, Mr. Walker received written notice informing him that he was not selected for promotion to principal.

24. This has occurred on eight (8) separate occasions over the course of six (6) years:

> 1) March 2022
>
> 2) January 2021

3) February 2020

4) August 2019

5) February 2019

6) January 2018

7) January 2017

8) January 2016

### Charles County Public Schools' Anti-discrimination Policy

25. Charles County Public Schools' anti-discrimination policy states the following:

Charles County Public Schools (CCPS) is committed to conducting prompt investigation of any allegation of discrimination or harassment…

**Employees may report allegations of discrimination or harassment to:**

Nikial M. Majors, Assistant Superintendent of Human Resources.

5980 Radio Station Road,

LaPlata, MD 20646

301-932-6610

**What happens when a complaint of discrimination is reported?**

A school administrator will initiate an investigation when a complaint is received. The person alleging discrimination and the alleged perpetrator will receive a response regarding the outcome of the investigation.

4

https://resources.finalsite.net/images/v1649795159/ccboecom/ki1xziir65n

uyu7g0ita/TitleIXBrochure.pdf#:~:text=The%20Charles%20County%20p

ublic%20school,programs%2C%20activities%20or%20employment%20p

ractices.

### Mr. Walker's Discrimination Complaints

26. For the 2017-2018 school year, Mr. Walker observed that four (4) candidates were selected for promotion to principal.

27. The candidates who were selected consisted of three (3) white men and one (1) African American woman. In EEOC v. Sears Roebuck and Co., 243 F. 3d 846, 855-856 (4th Cir. 2001), the Fourth Circuit stated the following:

> Nor does the lack of direct evidence of anti-Hispanic animus or the fact that Sears has hired other Hispanics compel this conclusion. Since no direct evidence of animus is necessary to prove employment discrimination, see United States Postal Bd. of Governors v. Aikens, 460 U.S. 711, 716-17, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983), its absence hardly compels a factfinder to conclude that the employer did not discriminate. Moreover, simply because Sears hired other Hispanic individuals in other departments does not mean that its failure to hire Santana was free from discriminatory intent. See Connecticut v. Teal, 457 U.S. 440, 453-55, 102 S.Ct. 2525, 73 L.Ed.2d 130 (1982) ("Congress never intended to give an employer license to discriminate

against some employees ... merely because he favorably treats other members of the employees' group."); Graham v. Long Island R.R., 230 F.3d 34, 43 (2d Cir.2000) (evidence that similarly situated non-black employees were treated in the same manner as plaintiff and that one other black employee was treated more favorably was insufficient to sustain summary judgment for employer because of Title VII's focus on protecting individuals, rather than a protected class as a whole). This is not to say that a trier of fact might not ultimately rely on this evidence in returning a verdict for Sears. But this evidence does not compel the grant of summary judgment to Sears because it does not foreclose the possibility that a factfinder could conclude that national origin discrimination was the true reason for Sears's failure to hire Santana.

28. All of the candidates were younger than Mr. Walker and appeared to have less experience.

29. One white male candidate and the African American female candidate had not even worked for Charles County Public Schools for a full year before they was promoted to principal.

30. No African American men were promoted to principal.

31. At that time, over a nine (9) year time span, since Mr. Walker was hired by Charles County Public Schools in 2009, Mr. Walker knew of only three African American men who was promoted to principal.

### 1. **Pam Murphy, Director of Human Resources (February 2017)**

32. In February 2017, Mr. Walker met with Pam Murphy, who was the Director of Human Resources for Charles County Public Schools at that time.

33. Mr. Walker told Ms. Murphy that there was race discrimination in the selection process for principals.

34. Mr. Walker specifically said to Ms. Murphy that he was being passed over for promotion to principal because he is an African American man.

35. Ms. Murphy explained to Mr. Walker that she knew nothing about his two non-selections.

36. However, Ms. Murphy told Mr. Walker that she would share his concerns with Amy Hollstein, Deputy Superintendent of Charles County Public Schools.

37. Ms. Murphy then arranged a meeting between Mr. Walker and Amy Hollstein to discuss his concerns about discrimination in the selection process for principals.

38. On March 1, 2017, the date the meeting was scheduled to take place, Ms. Hollstein did not show up for the meeting.

39. And, the meeting was never rescheduled.

40. Furthermore, Mr. Walker did not hear from either Pam Murphy or Amy Hollstein again.

### 2. Janice Wilson, President of the Charles County NAACP (March 2018)

41. A year later, in March 2018, Mr. Walker contacted Janice Wilson, President of the Charles County NAACP, to complain about race discrimination in Charles County Public Schools' selection process for principals.

42. A few months earlier, in January 2018, Mr. Walker was passed over for promotion to principal for the third time.

7

### Meeting with Amy Hollstein

43. In April 2018, Ms. Wilson and Pete Williams, Legal Redress Chair of the NAACP, met with Amy Hollstein, Deputy Superintendent of Charles County Public Schools.

44. According to Ms. Wilson, Amy Hollstein did not offer a tangible reason(s) for Mr. Walker's non-selection, such as, a lack of education, knowledge or experience.

45. Ms. Hollstein merely said that the selection committee rated other candidates higher than Mr. Walker.

46. However, Ms. Hollstein did not show them Mr. Walker's scores from the selection committee.

### Meeting with Nikial Majors

47. Ms. Wilson and Mr. Williams also met with Nikial Majors, the new Director of Human Resources for Charles County Public Schools.

48. According to Ms. Wilson, Ms. Majors was new to the position and had no knowledge of Mr. Walker's work experience.  Nonetheless, Ms. Majors told Ms. Wilson and Mr. Williams that employees found Mr. Walker to be "argumentative".

49. Ms. Wilson and Mr. Williams concluded that Mr. Walker was being passed over for promotion to principal for subjective reasons that had nothing to do with his education, knowledge or experience.

### "Angry Black Man" comments

50. At about this time, Mr. Walker was told by a colleague that Nikial Majors, the Director of Human Resources for Charles County Public Schools, said that Mr. Walker was known as an "angry black man".

### Subjective Interview Questions

8

51. Mr. Walker is qualified for the position of principal for the following reasons: 1) he has a Masters degree from an accredited university; 2) he has an Maryland Advanced Professional Certification with Administrative II endorsement; 3) he has more than three (3) years of satisfactory teaching experience; and, 4) he has more than three (3) years satisfactory experience as Vice Principal.

52. Nonetheless, the half a dozen interview questions were written in advance and focused on hypothetical situations as opposed to Mr. Walker's extensive training and decades of experience.  In <u>Rowe v. Cleveland Pneumatic Co., Numerical Control</u>, 690 F. 2nd 88, 93(6th Cir. 1982), the court stated the following:

> While we recognize that, in some circumstances, employment decisions may be made on the basis of such subjective criteria, any procedure employing such subjective evaluations will be carefully scrutinized in order to prevent abuse.

### 3. Courtney Dowling, school union representative (April 2018)

53. Mr. Walker met with his school union representative, Courtney Dowling.

54. Mr. Walker complained to Ms. Dowling that he was continuously being passed over for promotion to principal.

55. By this time, Mr. Walker believed that he was being passed over specifically because he is an African American man.

56. Furthermore, Mr. Walker believed that the administration was attempting to smear his reputation by labelling him an "angry black man" despite his consistent "highly effective" job performance ratings since becoming an assistant principal in 2011.

57. In the meantime, the administration began to promote more African American women to the position of principal.

58. However, no African American men were promoted to the position of principal.

59. Ms. Dowling met with Amy Hollstein.

60. Ms. Dowling told Mr. Walker that when she mentioned him to Amy Hollstein, Ms. Hollstein rolled her eyes and walked away.

### 4. Nikial Majors, Director of Human Resources (April 2018)

61. On April 9, 2018, Mr. Walker contacted Nikial Majors, the new Director of Human Resources for Charles County Public Schools, to complain about being passed over for promotion to principal.

62. Mr. Walker asked Ms. Majors to arrange a meeting with Kimberly Hill, Superintendent, Amy Hollstein, Deputy Superintendent, and Executive Directors of Schools Linda Gill and Marvin Jones to discuss being passed over for promotion to principal.

63. Ms. Majors arranged the meeting.

### 5. Amy Hollstein, Deputy Superintendent (April 2018)

64. Superintendent Hill did not attend the meeting, but Deputy Superintendent Amy Hollstein and Executive Directors of Schools Linda Gill and Marvin Jones did attend the meeting.

65. At the first meeting, Marvin Jones arrived thirty (30) minutes late for the meeting that was scheduled to last an hour.

66. Then, Linda Gill threw her hands up and walked out of the meeting before Mr. Walker could express his concerns about discrimination.

67. At the second meeting, Mr. Walker and his school union representative asked Amy Hollstein to see his scores from the selection committee.

68. Amy Hollstein refused to show Mr. Walker or his union representative his scores from the selection committee.

69. The meeting ended, and Mr. Walker heard nothing more from Nikial Majors or Amy Hollstein.

70. Nikial Majors did not investigate Mr. Walker's claim that he was being targeted in the principal selection process.

71. Linda Gill and Marvin Jones continued to be on all of the selection committees that Mr. Walker was assigned through 2022.

72. The selection committees continued to ask subjective interview questions.

73. Furthermore, Superintendent Kimberly Hill made the final decision as to who will be promoted to principal.

<u>2018-2019 school year</u>

74. For the 2018-2019 school year, nine (9) candidates were promoted to principal.

75. Those candidates were: four (4) of the candidates were white men; one (1) candidate was a white woman; and, four (4) candidates were African American women.

76. During that school year, no African American men, including Mr. Walker, were promoted to principal.

77. Mr. Walker and several of his colleagues, both white and African American, concluded that he and other African American men were deliberately being denied promotion to principal despite their performance and experience.

78. There were at least two (2) African American men, other than Mr. Walkers, who applied for principal positions and were not selected.

### 2019-2020 school year

79. For the 2019-2020 school year, five (5) candidates were promoted to principal.

80. Those candidates were: two (2) of the candidates were white men; and, three (3) of the candidates were African American women.

81. During that school year, no African American men, including Mr. Walker, were promoted to principal.

### 2020-2021 school year

82. On October 16, 2020, Mr. Walker signed a Charge of Discrimination with the Maryland Commission on Civil Rights against Charles County Public Schools alleging discrimination in the selection process, based on race, sex, and age, as well as, retaliation.

83. In November 2020, Superintendent Kimberly Hill and Deputy Superintendent Amy Holstein announced that they would be retiring from Charles County Public Schools in the summer of 2022.

84. For the 2020-2021 school year, only one (1) candidate were promoted to principal. That candidate was a white man.

85. For the 2021-2022 school year, three (3) candidates were promoted to principal

86. Those candidates were: one (1) white woman; one (1) African American woman; and, one (1) African American man, named Darnell Lewis.  Mr. Walker, once again, was not promoted to principal.

87. Since Mr. Walker began applying for principal in 2016, twenty-eight (28) candidates have been promoted to principal.

### 6. Nikial Majors, Director of Human Resources (September 2020)

88. In September 2020, Mr. Walker contacted Ms. Majors stating the he wanted to file a formal discrimination complaint against Charles County Public School based on race, gender, and age.

89. In an email to Mr. Walker dated September 23, 2020, Ms. Majors stated the following:

You indicated that you believe you have been discriminated against and denied a principal position based on your age, race, and gender. You explained below that you applied for a principal position in 2017-2018, 2018-2019, 2019-2020 and 2020-2021, but were not given the promotion.

…I find that the CCPS principal selection process is not discriminatory.

### 7. School Administration Team

90. The School Administrative Team decided who would and who would not be promoted to principal. The School Administration Team included Superintendent Kimberly Hill, Deputy Superintendent Amy Hollstein, Executive Director of Schools Linda Gill and Marvin Jones, and Executive Director of Human Resources Nikial Majors. This team decided that Mr. Walker would not be promoted to principal despite his qualifications.

### 8. Maryland Commission on Civil Rights

91. On October 16, 2020, Mr. Walker signed a Charge of Discrimination with the Maryland Commission on Civil Rights against Charles County Public Schools alleging

discrimination in the selection process, based on race, sex, and age, as well as, retaliation.

**Under Superintendent Kimberly Hill (2013-2022), only three African American men were promoted to principal during her eight (8) years as superintendent.**

92. In 2021, just before leaving office, Superintendent Kimberly Hill's administration promoted a second African American man, Darnell Lewis, to the position of principal.

93. The Hill administration never promoted Mr. Walker to the position of principal.

94. Since Mr. Walker began to apply for a principal's position in 2016, twenty-eight (28) candidates were promoted to principal by 2022.

95. During Superintendent Kimberly Hill tenure, 2013 to 2021, only three (3) African American men have been promoted to principal.

96. Currently, Charles County Public Schools has thirty-seven (37) principals, but only three (3) of these principals are African American men.

### Count I – Title VII of the Civil Rights Act (Race)

97. Mr. Walker incorporates by reference all of the preceding paragraphs.

98. Charles County Public Schools exhibited disparate treatment based on Mr. Walker's race/gender (African American male) when it denied his promotion from assistant principal to principal on eight separate occasions, 2016 to 2022.

### Count II – Title VII of the Civil Rights Act (Gender)

99. Mr. Walker incorporates by reference all of the preceding paragraphs.

100. Charles County Public Schools exhibited disparate treatment based on Mr. Walker's race/gender (African American male) when it denied his promotion from assistant principal to principal on eight separate occasions, 2016 to 2022.

## Count III – 42 U.S.C. § 1983 (Race/Gender)

101. Mr. Walker incorporates by reference all of the preceding paragraphs.

102. Superintendent Kimberly Hill maintained a selection process for principals that denied Mr. Walker the opportunity to be promoted to principal based on Mr. Walker's race/gender (African American male) from 2016 to 2022.

## Count IV – 42 U.S.C. § 1983 (Race/Gender)

103.    Mr. Walker incorporates by reference all of the preceding paragraphs.

104. Deputy Superintendent Amy Hollstein maintained a selection process for principals that denied Mr. Walker the opportunity to be promoted to principal based on Mr. Walker's race/gender (African American male) 2016 to 2022.

## Count V - MD Code, State Government, § 20-606 (Race/Gender)

104. Mr. Walker incorporates by reference all of the preceding paragraphs.

105. Charles County Public Schools exhibited disparate treatment based on Mr. Walker's race/gender (African American male) when it denied his promotion from assistant principal to principal on eight separate occasions, 2016 to 2022.

## Emotional Pain and Suffering

106. Mr. Walker continues to experience emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non pecuniary losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this court:

(a) Issue a declaratory judgment that Defendant's acts, polices, practices and

procedures complained of herein-violated Plaintiff's rights as secured by the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution; Title VII of CRA; MD Code, State Government, § 20-606; 42 U.S.C. § 1983; and, Order Defendant to make whole Plaintiff who has been adversely affected by the policies and practices described herein in an amount to be shown at trial and other affirmative relief;

(b) Compensate the Plaintiff for loss pay and benefits, with interest;

(c) Retain jurisdiction over this action to assure full compliance with the orders of the court and with applicable law and require defendant to file such reports as the court deems necessary to evaluate compliance;

(d) To award him reasonable attorney's fees and costs of this action;

(e) Award Plaintiff compensatory and punitive damages; and,

(f) Grant such additional relief as the court deems just and proper; and

WHEREFORE, the premises considered, the Plaintiff demands judgment against the Defendant in the amount of five hundred thousand dollars ($500,000.00).

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

/s/

Bryan A. Chapman, Esquire  Bar No.012274
Law Office of Bryan A. Chapman
1629 K Street, N.W., Suite 300
Washington, D.C. 20006

(202) 486-6785
bchapman@baclaw.com

Attorney for Plaintiff

17