IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MARLON WALKER, | * | |
| Plaintiff, | * | |
| v. | * | |
|  | * | Civil No. 22-2511-BAH |
| BOARD OF EDUCATION OF CHARLES COUNTY ET AL., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Plaintiff Marlon Walker ("Plaintiff") an employee of the Charles County Public Schools ("CCPS"), brought this suit against the Board of Education of Charles County, Kimberly Hill, former Superintendent of CCPS, and Amy Hollstein, former Deputy Superintendent of CCPS, (collectively "Defendants") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1983, and related Maryland laws after he was not selected for a school principal position multiple times over several years. ECF 1. Pending before the Court is Defendants' Motion to Dismiss for Lack of Prosecution and Failure to Comply with Rules and Orders, or in the alternative, Motion to Compel and for Sanctions, or in the alternative, Motion for Status Conference (the "Motion"). ECF 25. The Motion includes a memorandum of law (ECF 25-1) and exhibits, including First Set of Interrogatories to Plaintiff (ECF 25-3), First Request for Production of Documents to Plaintiff (ECF 25-4), January–April 2023 emails (ECF 25-5), April 21, 2023 Emails (ECF 25-6), June 28, 2023 Error and Error Notice (ECF 25-7), July 26 and 28,

2023 Emails (ECF 25-8), and July 26 and 28, 2023 Error Notices (ECF 25-9).[1] Plaintiff did not respond, and the time to do so has lapsed. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Defendants' Motion is treated as a motion to compel and **GRANTED**.

I.    **BACKGROUND**

As brief background, Plaintiff filed the instant complaint on October 3, 2022, and the matter was assigned to the Honorable Theodore D. Chuang. ECF 1. Defendants filed a partial answer on October 31, 2022, and noted their intent to file a partial motion to dismiss in compliance with the case management order governing the case. *See* ECF 3 (case management order); ECF 6 (notice of intent to file partial motion to dismiss); ECF 7 (partial answer). The Court set the discovery deadline as March 29, 2023. ECF 11, at 2. On November 18, 2022, Defendants served the First Set of Interrogatories to Plaintiff and First Request for Production of Documents on Plaintiff. ECF 25-1, at 2; ECF 25-3; ECF 25-4. Under the Federal Rules, Plaintiff's responses were due Monday, December 19, 2022. Fed. Rs. Civ. P. 33(b)(2), 34(b)(2)(A), 6(a)(1)(C). After a teleconference, the Court extended the discovery deadline to May 29, 2023, at the parties' request. ECFs 13, 14. The Court also dismissed as moot Defendants' notice of intent to file a partial motion to dismiss after Plaintiff stipulated to limiting his claims to only those covered by Defendants' partial answer. *See* ECFs 14, 15.

Defense counsel represents that he contacted Plaintiff's counsel via email and telephone multiple times between January through April 2023. ECF 25-1, at 2; ECF 25-5. After a call between counsel in February, defense counsel emailed Plaintiff's counsel confirming that, "[a]s discussed, [Plaintiff's counsel's] current licensure issue has prevented [Plaintiff's counsel] from

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

facilitating a response" to the outstanding discovery requests. ECF 25-5, at 5. In follow-up emails, Plaintiff's counsel promised to "expedite the discovery responses" upon resolution of his licensure issue which he represented to be soon. ECF 25-5, at 4 (March 6, 2023 email), at 3 (March 20, 2023 email). In May 2023, with the discovery responses outstanding and Plaintiff's counsel's licensure issue unresolved, Defendants filed a consent motion to extend deadlines, including the discovery deadline to September 15, 2023, ECF 16, which the Court granted, ECF 17.

Defense counsel contacted Plaintiff's counsel regarding two other matters in June and July 2023, but received error notices that Plaintiff's counsel's email address and phone number were no longer in service. ECF 25-1, at 3; ECF 25-7 (June 28, 2023 bounce-back email), at 1–9; ECF 25-9, at 1–7 (July 26, 2023 bounce-back email); ECF 25-9, at 8–14 (July 28, 2023 bounce-back email). Defense counsel notified the Court of these errors in both cases. *See* Status Report, *Rorie v. Bd. of Ed. of Charles Cnty. et al.*, Civ. No. TDC-20-3173 (D. Md. filed June 29, 2023), ECF 69; Notice, *Rosin v. Bd. of Ed. of Charles Cnty. et al.*, Civ. No. TDC-21-983 (D. Md. filed June 30, 2023), ECF 41. In this case, defense counsel filed a notice of intent to file a motion to compel on July 28, 2023. ECF 18. Judge Chuang referred the discovery matter to U.S. Magistrate Judge Simms. ECF 19. On August 29, 2023, Judge Simms ordered that the parties appear on a telephone conference on September 21, 2023 to discuss Defendants' notice of intent to file a motion to compel. ECF 20. Plaintiff's counsel did not appear on the call as directed. ECF 22. Judge Simms noted this failure and Plaintiff's counsel's failure to file a renewal application in this Court's bar by August 15, 2022, which Plaintiff's counsel also failed to do. *Id.* After the case was reassigned to me, Judge Simms ordered Plaintiff's counsel to show cause by October 31, 2023, "for failing to appear at the scheduled status conference and inform the Court as to whether he intends to continue to represent Plaintiff in the above-captioned case." *Id.* Judge Simms also ordered Plaintiff's

3

counsel to inform the Court of Plaintiff's contact information.[2] *Id.* Plaintiff's counsel has not responded to Judge Simms' order to show cause and has not otherwise communicated with the Court. The Court granted Defendants permission to file the instant Motion on January 30, 2024, ECF 24, which Defendants did on February 2, 2024, ECF 25. As noted, Plaintiff has not responded to the Motion.

## II.   DISCUSSION

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court also possesses "[t]he authority . . . to dismiss [an action] sua sponte for lack of prosecution" as part of its "inherent power." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Before doing so, however, the Court should consider the following factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990)). These factors "are not a rigid four-prong test." *Id.* (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). "Rather, the propriety of an involuntary dismissal ultimately depends on 'the facts of each case' . . . ." *Id.* (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)). Whether a court has issued an "explicit warning" that the case may be dismissed for failure to prosecute or abide by a court order is a "critical fact." *Ballard*, 882 F.2d at 95; *see also Cadet Constr. Co. v. Archer W. Constr., LLC*,

---

[2] Neither the civil cover sheet nor the complaint includes Plaintiff's mailing address or any other contact information for Plaintiff, *see* ECF 1, despite the Local Rules requiring Plaintiff's address on the complaint. *See* Loc. R. 102.2(a) (D. Md. 2023).

No. 22-1576, 2023 WL 5317960, at *5 (4th Cir. Aug. 18, 2023) (emphasizing the importance of prior warning that dismissal for failure to prosecute would be with prejudice).

At the same time, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, . . . claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Thus, the Court's power to dismiss "is appropriately exercised only with restraint." *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978). "Rightfully, courts are reluctant to punish a client for the behavior of his lawyer. Therefore, in situations where a party is not responsible for the fault of his attorney, dismissal may be invoked only in extreme circumstances." *Reizakis*, 490 F.2d at 1135 (citing *Industrial Building Materials, Inc. v. Interchemical Corp.*, 437 F.2d 1336, 1339 (9th Cir. 1970); *Edsall v. Penn Central Transportation Co.*, 479 F.2d 33, 35 (6th Cir. 1973)). *But see Link*, 370 U.S. at 634 (upholding dismissal of case after plaintiff's counsel failed to appear for pretrial conference when there was also a history of other dilatory actions)

Considering the factors laid out in *Attkisson* here, dismissal for failure to prosecute is not yet appropriate. Whether Plaintiff bears any degree of personal responsibility for the delay is not clear from the record before the Court, but Plaintiff's counsel surely does. The licensure issue and phone and email disconnection are entirely Plaintiff's counsel's responsibility. Plaintiff's counsel is also the one who failed to appear on the teleconference and respond to the order to show cause issued by Judge Simms. At the same time, the Supreme Court has endorsed holding litigants responsible for the conduct of their hired counsel:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his

5

> lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Link*, 370 U.S. at 633–34 (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879)). Thus, this first factor can cut both ways. The second and third factors, prejudice to Defendants and a history of dilatory actions, counsel in favor of dismissal. Plaintiff's failure to provide any discovery—or communicate with Defendants—prevents Defendants from mounting a defense. The delay in this case extends over a year—Plaintiff's discovery responses were due in December 2022.

The fourth factor, however, suggests that outright dismissal is premature. Whether less drastic sanctions would be effective remains unclear. The Court has not yet issued Plaintiff any warnings that failure to prosecute or abide by the Court's orders may result in dismissal of the case. The Court will therefore grant Plaintiff's alternative relief sought and compel Plaintiff to provide discovery responses. Plaintiff must provide full, executed discovery responses to Defendants within twenty-one (21) days of the accompanying order. Plaintiff is now warned: If Plaintiff does not provide the overdue discovery responses by the deadline, the Court may dismiss this case for failure to prosecute. Along with the discovery responses, Plaintiff's counsel is also ordered to provide the Court and opposing counsel Plaintiff's address.

The Court will also impose the sanctions sought by Defendants—namely, the fees Defendants have incurred related to the filing of the Motion. "If [a] motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Defendants shall submit a motion for attorney's fees and expenses, including itemized documentation of the fees and costs incurred in the filing of the Motion, pursuant to Local

6

Rule 109.2 within fourteen days of the entry of the accompanying Order. Plaintiff shall have fourteen days from the date of service of the motion for attorney's fees to file any opposition.

### III.     CONCLUSION

For the foregoing reasons, Defendant's Motion, treated as a motion to compel, is GRANTED. A separate implementing Order will issue.

Dated: March 6, 2024                                               /s/
                                                                                Brendan A. Hurson
                                                                                United States District Judge