IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MARLON WALKER, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 22-2511-BAH |
| BOARD OF EDUCATION OF CHARLES COUNTY ET AL., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Marlon Walker ("Plaintiff"), an employee of the Charles County Public Schools ("CCPS"), brought this suit against the Board of Education of Charles County, Kimberly Hill, former Superintendent of CCPS, and Amy Hollstein, former Deputy Superintendent of CCPS, (collectively "Defendants") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1983, and related Maryland laws after he was not selected for a school principal position multiple times over several years. ECF 1.

This Court previously granted Defendants' motion to compel discovery[1] on March 6, 2024. ECF 29 (memorandum opinion); ECF 30 (implementing order). The Court also directed Defendants to file a motion for attorney's fees and expenses within fourteen days and afforded Plaintiff fourteen days after that to oppose. ECF 30, at 2. On March 20, 2024, Plaintiff filed a motion to reconsider the Court's order granting the motion to compel. ECF 32. Plaintiff asserts

---

[1] Defendants' motion was titled "Motion to Dismiss for Lack of Prosecution and Failure to Comply with Rules and Orders, or in the alternative, Motion to Compel and for Sanctions, or in the alternative, Motion for Status Conference." ECF 25. The Court treated it as a motion to compel and granted it. *See* ECFs 29 and 30.

that counsel "was unaware of the activity in the above-captioned case" because "[f]rom the summer of 2023 until February 8, 2024, Plaintiff's counsel could not receive messages from the Court via [PACER]" due to a professional licensure issue. *Id.* at 1. Plaintiff cites Fed. R. Civ. P. 60(b)(6), which permits relief from a final judgment or order for "any other reason that justifies relief," as the basis under which he seeks reconsideration of the Court's March 6, 2024 order. He asserts that "[t]he Court must give the Plaintiff 'an opportunity to be heard' before granting a motion to compel." *Id.* at 6 (citing Fed. R. Civ. P. 37(a)(5)(A)).

Defendants opposed the motion to reconsider, arguing that "Plaintiff *did* have an opportunity to be heard and failed to respond to Defendants' motion." ECF 34, at 2 (emphasis in original). "[A]lthough Plaintiff's counsel argues he was unable to regain access to the Court's Electronic Case Filing System ['PACER'], Defendants filed their motion on February 2, 2024, . . . and Plaintiff's counsel regained access to [PACER] on February 8, 2024." *Id.* Thus, Plaintiff's counsel's PACER access was restored with enough time to timely file an opposition to the motion to compel, but Plaintiff's counsel did not do so. *See id.* Plaintiff did not reply to this opposition.

The Court agrees with Defendants. First, notwithstanding that Rule 54, not Rule 60, govern motions to reconsider non-final orders like the one at issue here, "the Fourth Circuit has suggested that the Rule 60(b) standard guides the district court's analysis [of a motion to reconsider made under Rule 54]." *See Buettner-Hartsoe v. Balt. Lutheran High Sch. Ass'n*, Civ. No. RDB-20-3132, 2022 WL 4080294, at *2 (D. Md. Sept. 6, 2022) (citing *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.3d 1462, 1472 (4th Cir. 1991)). So, a court may reconsider an order under Rule 54(b) when (1) there has been a change in controlling applicable law; (2) the Court made a clear error resulting in manifest injustice; or (3) new facts or evidence have emerged that could not have been discovered before the motion was filed. *See U.S. Tobacco Coop. Inc. v. Big S.*

2

*Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (citing *Carlson v. Boston Sci. Corp.*, 856 F.3d 325 (4th Cir. 2017)); *see also Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001). Rule 37 also provides that an award of attorney's fees pursuant to a granted motion to compel is not appropriate in three circumstances:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Plaintiff has not demonstrated that reconsideration is warranted here, nor has Plaintiff addressed the factors listed in Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). To be sure, Plaintiff's counsel has explained why he did not receive earlier filings in the case. *See* ECF 32, at 3–5. But the fact remains: as Plaintiff's counsel concedes, his PACER account access was restored within the time to respond to Defendants' motion, and he could have checked the status of the case without waiting for PACER notifications. Plaintiff's counsel does not explain why he did not respond to the motion within the eight days left to respond after his PACER account was restored. As such, reconsideration is not warranted, and Plaintiff's counsel has failed to demonstrate that an award of attorney's fees is unjust.

Despite Plaintiff seeking reconsideration of the order granting the motion to compel "specifically with regard to an award of attorney's fees to Defendants," ECF 32, at 1, Plaintiff never actually responded to the motion for attorney's fees, so it remains unopposed. Defendants timely submitted their motion for attorney's fees in which they seek $2,334.00 in reasonable attorney's fees. *See* ECF 31. When determining whether attorney's fees are reasonable, "a district court must first determine the lodestar amount (reasonable hourly rate multiplied by hours reasonably expended), applying the *Johnson/Barber* factors when making its lodestar

3

determination." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21(4th Cir. 2008) (citing *Barber v. Kimbrell's Inc.,* 577 F.2d 216, 226 (4th Cir. 1978); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974), *overruled on other grounds, Blanchard v. Bergeron,* 489 U.S. 87 (1989)). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber,* 577 F.2d at 226 n.28; *see also Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009). The rates outlined in Appendix B to this Court's Local Rules are presumptively reasonable. *See Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 412 (D. Md. 2014) (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000)).

Defendants' ask for $2,334.00 representing 9.6 hours of work on the motion. ECF 31, at 2–3. Applying the *Johnson/Barber* factors here, the Court will reduce the fee award slightly. First, the Court finds the hourly rates billed reasonable. While Defendants have not provided the Court with the experience levels of the attorneys who worked on the motion, the Court takes judicial notice of counsel's profiles on the firm website, which indicate that the associate who worked on the case has been practicing for about three years (since 2022), and the partner about eighteen (since 2007). *See Briah M. Gray*, PK Law, https://pklaw.com/attorneys/gray-briah-m/; *Andrew G. Scott*, PK Law, https://pklaw.com/attorneys/scott-andrew-g/. Under the Appendix B Guidelines, that puts the associate in the $150–225 presumptively reasonable hourly rate range, and the partner in the $275–425 range. While Defendants seek $235/hour for the associate, just slightly higher

4

than Appendix B's range, they only bill the partner at $250/hour. *See* ECF 31, at 2. Given this tradeoff, the Court finds the hourly rates reasonable.

As to the hours billed, the Court will reduce the fee award specifically to exclude recovery for the dismissal for failure to prosecute portion of the motion, which was not granted. The Court will not award fees for the 1.10 hours and 2.30 hours the associate spent researching and drafting the motion to dismiss for failure to prosecute portion of the motion, which reduces the fee award by $799.00. *See id.* The partner billed 3.6 hours for "[c]omplet[ing] drafting Motion to Compel portion of the Motion and review and revision of [associate's] portion of draft of the Motion [the motion to dismiss for failure to prosecute section]." *Id.* While it is not clear how much of this time was spent on the motion to dismiss part of the motion as opposed to the motion to compel, the Court will reduce the hours by 0.6, which would reduce the compensation for this task by $150. *Id.* As such, the fee award will be reduced by a total of $949.00.

The Court will therefore grant the award of attorney's fees in the amount of $1,385.00. These fees are to be paid by Plaintiff's counsel, not Plaintiff, as it appears the blame for the failure to provide discovery responses or to respond to the motion to compel, lies with counsel.

For the foregoing reasons, it is this 12th day of February, 2025, ORDERED that:

(1) Plaintiff's motion to reconsider the Court's March 6, 2024 order, ECF 32, is DENIED;

(2) Defendants' motion for attorney's fees, ECF 31, is GRANTED IN PART;

(3) Defendants' attorney's fees in the amount of $1,385.00 are authorized for immediate payment to Pessin Katz Law, P.A.; and

(4) Defendants' motion for summary judgment, ECF 46, remains pending resolution by the Court.

/s/
Brendan A. Hurson
United States District Judge